HENRY C. HOWE & another *vs.* GEORGE W. NORRIS.

A city ordinance, passed under due authority of law, provided that "every person who shall sell or purchase any lumber not surveyed, marked and numbered" as therein required, should forfeit and pay a penalty for each offence; "provided, however, that lumber may be sold to or purchased by any person for his own actual use, not intended to be again sold by him, without being surveyed, marked and numbered as aforesaid, and that in such case, if the purchaser so request, the surveyor shall not be required to number and mark such lumber, but only to survey the same." *Held,* that a sale of lumber to one who purchased it for his own actual use, without being surveyed, was not in violation of the city ordinance, and that the seller might recover the price from the purchaser.

CONTRACT brought to recover the price of lumber sold and delivered by the plaintiff to the defendant. At the trial in the superior court, *Ames,* J. ruled that the plaintiff was entitled to recover, upon facts which are sufficiently stated in the opinion; and a verdict was returned accordingly. The defendant alleged exceptions.

*W. S. Gardner,* for the defendant.

*A. R. Brown,* for the plaintiff.

GRAY, J. By one of the acts amending the charter of the city of Lowell, " the city council may make and establish necessary or fit rules and by-laws, regulating the inspection, measurement, survey and sale of lumber, of every description, brought into or offered within said city for sale." *St.* 1838, *c.* 181, § 5. In the exercise of the authority thus conferred, the city council passed an ordinance, requiring that "in the survey of boards joists, planks and sawed timber, the contents of the same shall be truly marked thereon, in plain, legible and permanent numbers, and all other marks shall be erased;" and that "every person who shall sell or purchase any lumber not surveyed marked and numbered as provided in this chapter, shall forfeit and pay for each offence a sum not exceeding twenty dollars: provided, however, that lumber may be sold to or purchased by any person for his own actual use, not intended to be again sold by him, without being surveyed, marked and numbered as afore said, and that in such case, if the purchaser so request, the surveyor shall not be required to number and mark such lumber,

but only to survey the same, and his fees in such case" shall be less than those established in other cases. Revised Ordinances of Lowell of 1854, *c.* 26, §§ 7, 11. The question now to be determined is upon the construction of the section last cited.

The defendant contends that, in the proviso excepting sales to any person for his own use, the words " without being surveyed, marked and numbered as aforesaid" are shown by the additional clause to mean only that in the excepted cases the lumber need not be surveyed and also marked and numbered, but must be surveyed, though it need not be marked and numbered unless the purchaser requests it. But we are of opinion that such an interpretation strains the language and disregards the meaning of the ordinance. Although the section is not free from obscurity, the more direct and natural construction is that lumber may be sold to any person for his own actual use, without being either surveyed or marked or numbered; but that if he requests it, the lumber may be surveyed without being marked or numbered. And the provision, thus understood, is quite reasonable; for the survey itself, as well as the marks and numbers which indicate the results ascertained by it, are intended to secure purchasers against fraud; and where the lumber is not purchased to sell again, and there is therefore no reason for protecting subsequent purchasers, the first purchaser may well be allowed, if he pleases, not only to dispense with the marks and numbers, which can be of no value to him; but also to assume the risk of taking the lumber without any survey, and thus save the whole expense of surveyor's fees.

*Exceptions overruled.*